**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRY K. PLEASANT, | No. 15-16247 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-00805-AWI-SKO |
| v. | |
| COUNTY OF MERCED; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted September 13, 2016[**]

Before:     HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Terry K. Pleasant, a former County of Merced pretrial detainee, appeals pro

se from the district court's judgment dismissing his 42 U.S.C. § 1983 action

alleging federal and state law claims in connection with the denial of indigent

welfare kits, which contain items necessary for inmates to maintain personal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

hygiene. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm in part, reverse in part, vacate in part, and remand.

The district court properly dismissed Pleasant's "class of one" equal protection claim because Pleasant failed to allege facts sufficient to show that he was treated differently than similarly situated individuals. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (setting forth elements of "class of one" claim).

The district court properly dismissed Pleasant's conspiracy claims because Pleasant failed to allege facts sufficient to show class-based, invidiously discriminatory animus. *See Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (setting forth elements of claim under 42 U.S.C. § 1985(3)); *Taylor v. Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002) (indigent prisoners are not a suspect class); *see also Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action under 18 U.S.C. § 241).

Dismissal of Pleasant's conditions-of-confinement claim was premature because Pleasant alleged that he was entirely denied access to indigent welfare kits

for six and one-half weeks, while non-indigent inmates could purchase personal hygiene items. Liberally construed, these allegations in the first amended complaint were "sufficient to warrant ordering [defendants] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *see also Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998) (indigent inmates have a right to personal hygiene supplies).

The district court properly dismissed for lack of standing Pleasant's due process claims arising from excessive fines and the unlawful deprivation of property. *See Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 983-84 (9th Cir. 2011) (procedural due process claims ripen only when a distinct property deprivation has occurred). However, we vacate dismissal of these claims and remand for the district court to dismiss the claims without prejudice. *See Fleck & Assocs., Inc. v. City of Phoenix*, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (dismissal for lack of standing is without prejudice).

The district court dismissed Pleasant's state law claims for lack of jurisdiction. In light of our disposition, we vacate the district court's dismissal of the state law claims, and remand for the district court to decide whether to exercise supplemental jurisdiction over these claims.

In sum, we affirm the dismissal of Pleasant's equal protection and

conspiracy claims; reverse the dismissal of Pleasant's conditions-of-confinement claim; vacate the dismissal of Pleasant's due process claim for excessive fines, due process claim for unlawful deprivation of property, and state law claims; and remand for further proceedings.

**AFFIRMED in part, REVERSED in part, VACATED in part, and REMANDED.**